IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:00-CR-00105-F-1
No. 7:12-CV-00223-F

| | |
|---|---|
| DUANE MONTRIK BURTON, ) | |
| ) | |
| Petitioner, ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the motions of Duane Montrik Burton ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-61, -64] and the Government's motion to dismiss [DE-67]. Petitioner has filed a response in opposition to the Government's motion [DE-69] and a supplemental memorandum in support of his claim [DE-74], to which the Government filed a response in opposition [DE-78]. All briefing is now complete, and the motions are ripe for review. The motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the Government's motion to dismiss [DE-67] be allowed and Petitioner's motions [DE-61, -64] be denied.

## I. BACKGROUND

On August 30, 2000, Petitioner was charged in a criminal information with possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), Count One; and possession of counterfeit money in violation of 18 U.S.C. § 472, Count Two. [DE-1]. On October 30, 2000, Petitioner pleaded guilty pursuant to a plea agreement to both counts of the information. [DE-7]. The plea agreement provided in relevant part that Petitioner agreed to

> waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground . . . and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Mem. of Plea Agreement [DE-7] ¶ 2(c). On February 5, 2001, the court sentenced Petitioner to a term of 180 months' imprisonment on each count to run concurrently and five years' supervised release. [DE-12, -14]. Petitioner did not appeal his conviction or sentence.

On November 7, 2002, Petitioner filed *pro se* his first motion to vacate pursuant to § 2255 [DE-18], which was subsequently dismissed as time-barred. [DE-21]. Petitioner appealed the court's order [DE-23], and the Fourth Circuit dismissed the appeal [DE-26, -27]. On March 13, 2008, Petitioner filed *pro se* a motion pursuant to 18 U.S.C. § 3582 for a reduction of sentence based on retroactive application of new sentencing guidelines for crack cocaine offenses. [DE-39]. Petitioner was subsequently appointed counsel who filed an amended motion on his behalf [DE-42], but he was denied relief because his offense level was the result of his status as a career offender. [DE-45]. Petitioner appealed the court's order, but the appeal was denied. [DE-46, -52, -53, -54]. On November 4, 2011, Petitioner filed *pro se* a second motion for sentence reduction based on retroactive application of the crack cocaine sentencing guidelines, but his motion was again denied. [DE-55, -59].

On July 24, 2012, Petitioner filed *pro se* a motion to reduce or vacate his sentence. [DE-61]. On August 8, 2012, with the assistance of counsel, Petitioner filed a motion to vacate pursuant to § 2255. [DE-64]. Petitioner claims that, in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), he was improperly classified as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. Pet'r's Mem. [DE-64-2] at 2-4. Petitioner contends that without

2

the career offender enhancement his guideline range would be 70 to 87 months. *Id.* at 3-4. On February 15, 2013, Petitioner was released from custody [DE-71], but elected to pursue this matter to vacate his sentence and to seek relief in the form of a reduction of his period of supervised release [DE-72].

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept

3

the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.     28 U.S.C. § 2255**

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

4

## III. DISCUSSION

Petitioner's sole claim is that, based on *Simmons*, he does not qualify for the career offender enhancement. Pet'r's Mot. [DE-64] at 5-6. Specifically, Petitioner argues that one of the two convictions used as predicate offenses in designating him as a career offender can no longer be considered a controlled substance felony in light of *Simmons*. Pet'r's Mem. [DE-64-2] at 3. Thus, Petitioner concludes that he does not have the requisite number of predicate offenses to qualify as a career offender and should be resentenced without application of the career offender enhancement.[1] *Id.* at 3. With respect to the procedural posture of his claim, Petitioner argues that his motion is not second or successive and his motion is timely or, alternatively, equitable tolling is appropriate. *Id.* at 4-9. The Government contends that dismissal is warranted because Petitioner's claim is "second or successive" and he did not obtain pre-filing certification from the court of appeals, Petitioner waived his right to collaterally attack his sentence, Petitioner procedurally defaulted his claim by not raising it on direct appeal, Petitioner's claim is not cognizable, and Petitioner's claim is untimely with no basis for equitable tolling. Gov't's Mot. [DE-68] at 4-20. The undersigned concludes that Petitioner's claim should be dismissed as it was untimely filed and equitable tolling is not appropriate.

### A.    Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

---

[1] Petitioner received a base offense level of 28 and a criminal history category of VI. Presentence Investigation Report ("PSR") ¶¶ 40, 57, 61. Further application of the career offender enhancement increased Petitioner's base offense level to 34. *Id.* ¶ 58. Three points were subtracted in light of his acceptance of responsibility resulting in a total offense level of 31 and a guideline range of 188 to 235 months. *Id.* ¶¶ 59-60, 64. The statutory maximum was 180 months' imprisonment. *Id.* ¶ 65.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, Petitioner contends that his claim is timely because his petition was filed within one year of the Fourth Circuit's decision in *Simmons*, which Petitioner argues is a newly discovered "fact" within the meaning of § 2255(f)(4).

For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (holding that vacatur of petitioner's state conviction was a "fact" supporting his § 2255 challenge for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's own underlying conviction is not a "new fact" for purposes of triggering § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (en banc) (holding that "*Simmons* represented a change of law, not fact" and *Johnson*, therefore, did not govern petitioner's claim under § 2255(f)(4)); *Walton v. United States*, No. 2:07-CR-017-F, 2013 WL 1309277 (E.D.N.C. Mar. 28, 2013) (unpublished) (citing *Thaggard v. United States*, No. 4:02-CR-41-H, 2013 WL 81380, at *2 (E.D.N.C. Jan. 7, 2013) (unpublished); *Dailey v. United States*, No. 7:06-CR-36-BO, 2012 WL 5471156, at *1 (E.D.N.C. Nov. 9, 2012) (unpublished); *United States v. Hardison*, No. 4:08-CR-77-FL-2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) (unpublished)). Because *Simmons* did not

6

vacate or otherwise affect the validity of Petitioner's own conviction, it cannot serve as a "fact" within the meaning of § 2255(f)(4).

Petitioner also contends in his supplemental memorandum that the case of *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) supports his claim. Pet'r's Supplemental Mem. [DE-74] at 2-5. In *Whiteside*, a panel of the Fourth Circuit determined that an erroneous application of the career offender enhancement was a fundamental miscarriage of justice warranting the application of equitable tolling so that an otherwise untimely § 2255 petition could be heard on the merits. 748 F.3d at 546-48. However, the Fourth Circuit's decision in *Whiteside* was vacated by the grant of rehearing en banc in *Whiteside v. United States*, 578 F. App'x 218 (4th Cir. July 10, 2014) (unpublished). *See Ebron v. United States*, No. 4:11-CR-45-D, 2014 WL 6851620, at *4 (E.D.N.C. Dec. 3, 2014) (unpublished) ("[T]he panel opinion in *Whiteside* has been vacated.") (citing 4th Cir. R. 35(c); *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 168 (4th Cir. 2009) (en banc)). Accordingly, *Whiteside* provides no basis for finding that Petitioner's claim was timely filed.

Moreover, on rehearing the Fourth Circuit held en banc that Whiteside's § 2255 petition was untimely filed and that equitable tolling did not apply. *Whiteside*, 775 F.3d at 183-86. The court rejected the contention that the petitioner's claim was timely under § 2255(f)(4) because *Simmons* qualified as a new "fact" for purposes of that provision. *Whiteside*, 775 F.3d at 183-86; *Keel v. United States*, No. 5:02-CR-271-BO-1, 2015 WL 450857, at *3 (E.D.N.C. Feb. 3, 2015) (unpublished) ("The Fourth Circuit's recent decision in *Whiteside v. United States*, No. 13-7152, 2014 WL 7245453 at *3 (4th Cir. Dec. 19, 2014) forecloses any argument that a subsequent court decision could qualify as new fact for purposes of motion to vacate a defendant's sentence."). Therefore, Petitioner's argument that his petition is timely under § 2255(f)(4) lacks merit.

7

**B. Equitable Tolling**

Petitioner next argues that his claim is subject to equitable tolling because he filed his claim as soon as practicable after it arose as a result of *Simmons*. [DE-64-2] at 8-9. The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Fourth Circuit has determined that "to be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citation and internal quotation marks omitted).

The Fourth Circuit in *Whiteside* foreclosed the application of equitable tolling to Petitioner's *Simmons* claim. *Whiteside*, 775 F.3d at 186 ("Equitable tolling thus may not be applied where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success."); *Yarborough v. United States*, No. 5:07-CR-00270-F-1, 2015 WL 1275392, at *3 (E.D.N.C. Mar. 19, 2015) (unpublished) ("On rehearing en banc, the Fourth Court concluded that a petitioner could not invoke equitable tolling in support of a *Simmons* claim.") (citing *Whiteside*, 775 F.3d at 186). Petitioner has presented no other facts justifying the application of equitable tolling. Accordingly, equitable tolling does not apply to save Petitioner's untimely claim. Having determined that Petitioner's claim is untimely, the Government's alternative grounds for dismissal need not be considered.

**IV. CONCLUSION**

Based upon the foregoing, it is RECOMMENDED that the Government's motion to dismiss

8

[DE-67] be ALLOWED and Petitioner's motions [DE-61, -64] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, this the 27 day of April 2015.

Robert B. Jones, Jr.
United States Magistrate Judge